**John Foster DULLES, Appellant,**

v.

**Otto NATHAN, Appellee.**

**No. 12727.**

United States Court of Appeals District of Columbia Circuit.

Decided June 23, 1955.

See, also, 129 F.Supp. 951.

Mr. Harold H. Greene, Asst. U. S. Atty., for appellant. Messrs. Leo A. Rover, U. S. Atty., and Lewis A. Carroll and Joseph Rafferty, Jr., Asst. U. S. Attys., also entered appearances for appellant.

Mr. Leonard B. Boudin, New York City, for appellee. Mr. Joseph Forer, Washington, D. C., also entered an appearance for appellee.

Before EDGERTON, Chief Judge, and BAZELON and WASHINGTON, Circuit Judges.

EDGERTON, Chief Judge.

On December 24, 1952, Dr. Otto Nathan, now the executor of Albert Einstein's will, applied to the Department of State for a passport. When the application had been pending nearly 20 months, on August 17, 1954, he filed a complaint for a declaratory judgment and for an injunction to direct the Secretary of State to issue a passport. On March 15, 1955, when the application had been pending over two years, Judge Schweinhaut directed the Secretary of State to "promptly afford plaintiff an appropriate hearing on his application for a passport." On June 1, 1955, finding that the Secretary of State had not complied with that order, Judge Schweinhaut directed him to "forthwith issue to the plaintiff a passport in the standard form and of the standard duration."

The Secretary of State appealed from the order of June 1 and moved for a stay. We granted a stay pending hearing and disposition of the motion. On June 2 we held a hearing and orally asked the United States Attorney to tell us why a passport was denied. On June 2 he filed a memorandum in reply, accompanied by an affidavit of the Assistant Director of the Passport Division of the Department of State. The affidavit, executed June 2, says among other things: "The Department of State on the basis of the present file, including the classified investigative record, of Dr. Otto Nathan and after full and careful consideration has concluded that it would be contrary to the best interests of the United States to provide him with a passport * * *."

On June 2 we entered an order in which we said:

"* * * whereas it appears that the appellee applied for a passport some two and a half years ago and was never accorded an evidentiary hearing or confronted with the evidence, if any, which led to the denial of a passport;

"It is Ordered by the Court that the said order of the District Court entered June 1, 1955, be, and it hereby is, stayed until further order of this court, Provided, However,

"(1) That the Department of State accord a quasi judicial hearing on the appellee's application for a passport, with opportunity provided to the government and to the appellee to offer evidence, such hearing to be commenced on or before Tuesday, June 7, and to be concluded within three days unless this Court upon application extends the time;

"(2) That the hearing officer or officers render a report and recommendation, based on the record of such hearing, within five days after the conclusion of the hearing;

"(3) That the appellee be immediately furnished with a copy of such

report and recommendation, and be allowed three days within which to file objections thereto with the Department of State;

"(4) That within ten days after the rendition of such report and recommendation, action be taken by the Department of State, either granting or denying a passport, and a statement of such action be immediately furnished to appellee and to this Court;

"(5) That if a passport is denied, the State Department immediately either (a) inform this Court and the appellee with particularity of the reasons for such denial or (b) show cause to this Court with particularity for any failure to supply such reasons.

"After final action by the Department of State this Court will consider what further action on its part, if any, is necessary."

On Monday, June 6, the United States Attorney informed us in a memorandum that "The Acting Secretary of State having referred the passport application of Otto Nathan to the Board of Passport Appeals for review and recommendation and having received the report and recommendation of that Board, advises the Court that the application of Otto Nathan for a passport has been approved and the passport has been issued * * *." The memorandum does not say what the Board reported or recommended, or why. It does not suggest that the Board had new information. It does not say what the Board thought about information referred to in the affidavit of the Assistant Director of the Passport Division. However, since the Department of State has issued the passport, it must be assumed that its issuance was not "contrary to the best interests of the United States."

The memorandum of June 6 suggests that the Secretary's appeal and his motion for a stay are now moot. Since they clearly are, they "will be dismissed as moot and the case remanded to the District Court with directions to vacate its judgment", Acheson v. Droesse, 90 U.S. App.D.C. 143, 147, 197 F.2d 574, 578, and dismiss the complaint.

Dismissed.