**Leonard B. BOUDIN, Appellant,**

**v.**

**John Foster DULLES, Appellee.**

**John Foster DULLES, Appellant,**

**v.**

**Leonard B. BOUDIN, Appellee.**

**Nos. 13130, 13031.**

United States Court of Appeals District of Columbia Circuit.

Argued March 8, 1956.

Decided June 28, 1956.

See, also, 136 F.Supp. 218.

Mr. Benjamin Forman, Attorney, Department of Justice, with whom Messrs. Leo A. Rover, U. S. Atty. at the time

cases were argued, Paul A. Sweeney and B. Jenkins Middleton, Attorneys, Department of Justice, were on the brief, for Dulles.

Mr. Harry I. Rand, Washington, D. C., for Boudin.

Before EDGERTON, Chief Judge, and PRETTYMAN, WILBUR K. MILLER, BAZELON, FAHY, WASHINGTON, DANAHER, and BASTIAN, Circuit Judges, sitting en banc. (Circuit Judge BURGER took office after these cases were heard and took no part in their consideration and decision.)

WASHINGTON, Circuit Judge.

The Secretary of State refused to issue a passport to Leonard B. Boudin, on the ground that issuance was precluded under Section 51.135 of the Passport Regulations "on the basis of all the evidence, including that contained in confidential reports of investigation." Boudin then sued in the District Court for a judgment that he, as an American citizen, is entitled to a passport, and that the Passport Regulations are invalid. He also sought an order directing the Secretary of State to issue a passport to him forthwith. The District Court held that the applicant had a right to be confronted with the evidence against him in order to permit him to rebut or explain it, and to enable the courts to review the decision. It sent the case back to the Passport Office, ordering that a hearing be held within 20 days thereafter and that the decision of the Passport Office be "substantiated by evidence contained in the record" made at such hearing. Both the Secretary of State and Boudin have appealed.

Section 51.135 of the Passport Regulations, 22 C.F.R. § 51.135 (Supp.1956), provides for denial of passports to three classes of persons, who are enumerated and described in subsections (a), (b), and (c) thereof.[1] Although the Secre-

---

1. The section reads as follows:

"§ 51.135 *Limitations on issuance of passports to persons supporting Communist movement.* In order to promote

the national interest by assuring that persons who support the world Communist movement of which the Communist Party is an integral unit may not, through

tary relied solely on this section in his letter notifying Boudin of his decision not to grant him a passport, he did not there specify which subsection barred issuance of a passport to Boudin nor did he set out any findings indicating that Boudin fell into any of the three classes of persons described in the regulation. The Secretary later filed an affidavit in the District Court in which he stated: "The basis for my decision to deny the Plaintiff further passport facilities rests on a pattern of associations and activities on the part of the Plaintiff over an extended period of time leading to the conclusion that *the Plaintiff has been and continues to be a supporter of the Communist movement.*[2] (Emphasis supplied.)

For present purposes, we accept the Secretary's affidavit as a statement that he has found that Boudin is a supporter of the Communist movement, even though such finding was not communicated in his letter notifying Boudin that issuance of a passport was precluded by Section 51.135 of the Passport Regulations. Subsection (b) of the regulation cited is the only part thereof which refers in terms to those who support the Communist movement. But that subsection is not phrased to deny passports to every supporter of the movement, without more. It states that passports shall be denied to persons "who engage in activities which support the Communist movement under such circumstances as to warrant the conclusion—not otherwise rebutted by the evidence—that they have engaged in such activities as a result of direction, domination, or control exercised over them by the Communist movement." In his letter to Boudin and even in his affidavit the Secretary has set out no finding or conclusion that Boudin's alleged pro-Communist activities were the result of direction, domination, or control exercised over him by the Communist movement. He has thus failed to make the finding contemplated by subsection (b). Nor has he set out findings which would render subsections (a) or (c) applicable.

On the record before us here, which of course contains none of the confidential information on which the Secretary says

use of United States passports, further the purposes of that movement, no passport, except one limited for direct and immediate return to the United States, shall be issued to:

"(a) Persons who are members of the Communist Party or who have recently terminated such membership under such circumstances as to warrant the conclusion—not otherwise rebutted by the evidence—that they continue to act in furtherance of the interests and under the discipline of the Communist Party;

"(b) Persons, regardless of the formal state of their affiliation with the Communist Party, who engage in activities which support the Communist movement under such circumstances as to warrant the conclusion—not otherwise rebutted by the evidence—that they have engaged in such activities as a result of direction, domination, or control exercised over them by the Communist movement;

"(c) Persons, regardless of the formal state of their affiliation with the Communist Party, as to whom there is reason to believe, on the balance of all the evidence, that they are going abroad to engage in activities which will advance the Communist movement for the purpose, knowingly and wilfully of advancing that movement."

2. The Secretary's affidavit stated further:
"In the light of the number of pro-Communist associations and activities of the Plaintiff over a lengthy period of time, including reliable reports as late as 1950 of actual membership in the Communist Party, I considered that these associations and activities, coupled with the Plaintiff's refusal to state under oath whether or not he had been a member of the Communist Party prior to June 3, 1954, when he last received a passport, warranted me in concluding that *he was still a supporter of the Communist movement* and should be denied continued passport facilities under the established policy of Secretaries of State in recent years of refusing passports to supporters of the Communist movement.

"I have again reviewed the passport file of Leonard B. Boudin and I am still of the view that further passport facilities should be denied the Plaintiff as *a person whose travel abroad will support the Communist movement.*" (Emphasis supplied.)

he in part relied, we cannot assume that findings sufficient to bring Boudin within any subdivision of the regulation were secretly made or that they will be made. In an affidavit executed June 3, 1954, Boudin swore that he was not then a member of the Communist Party nor "otherwise a person described in Regulation 51.135 subsection (a)," and that I "am not going abroad to engage in activities which will advance the Communist movement in violation of subsection (c), but for the purpose indicated in my correspondence with the Passport Office."[3] At the Review Board hearing he testified under oath that he had not been a member of the Communist Party at any time since June 3, 1954, and that the facts stated in the affidavit continued to be true. His testimony bearing on the applicability of subsection (b) cannot be described as particularly frank or helpful, but he did to some extent outline—and seek to explain as non-subversive—his activities in connection with several organizations and publications, alleged to be Communist, and he did state that he was never "ordered" or "directed" (as distinguished from "retained") by the Communist Party to defend any individual or association in a legal capacity.

■ We think that factual findings sufficient to bring the applicant within one of the classes described in Section 51.135 are required before the Secretary may deny a passport under the authority of that regulation. Cf. Burrell v. Martin, 1955, 98 U.S.App.D.C. ——, 232 F.2d 33. Since none were made here, the regulation, which the Secretary relied on exclusively in denying the passport, does not support his action. Cf. Perkins v. Elg, 1939, 307 U.S. 325, 349–350, 59 S.Ct. 884, 83 L.Ed. 1320; Schachtman v. Dulles, 1955, 96 U.S.App.D.C. 287, 225 F.2d 938. An administrative order "cannot be upheld unless the grounds upon which the agency acted in exercising its powers were those upon which its action can be sustained." Securities and Exchange Commission v. Chenery Corp., 1943, 318 U.S. 80, 95, 63 S.Ct. 454, 462, 87 L.Ed. 626.

■ The Government urges that Boudin is barred from any relief because he declined to answer when asked whether or not he was a member of the Communist Party prior to June 3, 1954, the date of his affidavit swearing that he was not then a member of the Party. But the Secretary did not give this as a ground for his action in denying a passport, and we do not now consider whether it would have been a valid ground. Administrative action "cannot be upheld merely because findings might have been made and considerations disclosed which would justify * * * [the] order * * *. There must be * * * a responsible finding." Securities and Exchange Commission v. Chenery Corp., supra, 318 U.S. at page 94, 63 S.Ct. at page 462. This is not to say, of course, that Boudin's failure to answer questions about his past—when relevant to the present and future—cannot be considered by the Secretary in making his findings of fact.

■ The matter must therefore be returned to the Secretary for reconsideration. He may conclude that a passport should be issued or that a further hearing is needed. But if he decides—with or without an additional hearing—that issuance of a passport would not be warranted under the regulations, he should advise Boudin in writing of the findings made, relating them to the sections relied on. We do not reach in the present posture of the case the contention made by Boudin that the Secretary cannot rely on confidential information in reaching his decision. But since that question may arise at a subsequent stage, we think the Secretary should—if he re-

---

3. The purpose so indicated was to consult with clients residing abroad and to take a vacation.

fuses a passport to Boudin after the further consideration we have ordered— state whether his findings are based on the evidence openly produced, or (in whole or in material part) on secret information not disclosed to the applicant. If the latter, the Secretary should explain with such particularity as in his judgment the circumstances permit the nature of the reasons why such information may not be disclosed.[4] Cf. Dulles v. Nathan, 1955, 96 U.S.App.D.C. 190, 225 F.2d 29. This will facilitate the task of the courts in dealing with the question of the propriety of the Secretary's use of confidential information —a question which, we repeat, we do not now reach.

When the Secretary has made his decision upon reconsideration, Boudin may then proceed as he may be advised. The District Court should retain jurisdiction for that purpose. If the passport is still refused by the Secretary, and further judicial review is sought by Boudin, the District Court may consider whether the findings made are justified by the evidence of record, or, if they are not so justified, whether the Secretary has given reasons valid in law for keeping confidential any information—not disclosed to the applicant—upon which he states he has relied. The District Court may also consider, if the question becomes material, whether the Passport Regulations are valid in their application to Boudin, as then determined by the Secretary—a question which we do not now reach and express no view upon.

For the reasons given, the litigation must be remanded to the District Court for further proceedings not inconsistent with this opinion.

So ordered.

4. If considerations of internal security rather than of the conduct of foreign affairs are involved, we think the Secretary should so state.