Weldon Bruce DAYTON, Appellant,

v.

John Foster DULLES, Secretary of State, Appellee.

No. 13176.

United States Court of Appeals
District of Columbia Circuit.

Argued July 25, 1956.

Decided Sept. 13, 1956.

Mr. Harry I. Rand, Washington, D. C., for appellant.

Mr. B. Jenkins Middleton, Atty., Dept. of Justice, with whom Messrs. Oliver Gasch, U. S. Atty., George S. Leonard, Acting Asst. Atty. Gen., and Paul A. Sweeney, Atty., Dept. of Justice, were on the brief for appellee.

Messrs. Leo A. Rover, U. S. Atty., at the time record was filed, and Lewis Carroll, Asst. U. S. Atty., also entered appearances for appellee.

Before WILBUR K. MILLER, FAHY and BASTIAN, Circuit Judges.

PER CURIAM.

The Secretary of State denied a passpart to appellant Dayton, who then sued in the District Court for a declaratory judgment that he is entitled to a passport and that the Secretary's passport regulations and certain rules of the Board of Passport Appeals in the Department of State are unlawful. The motion of the Secretary for summary judgment was granted, that of the plaintiff was denied, and the complaint was dismissed. We held Dayton's appeal undisposed of pending our *en banc* disposition of Boudin v. Dulles (Dulles v. Boudin), 98 U.S.App. D.C. 305, 235 F.2d 532.

As in the Boudin cases the Secretary rested the denial of the passport upon Section 51.135 of the regulations, without specifying, however, upon which of the three subsections of said section he relied, and without any finding sufficient to bring the applicant within any one of said subsections. When the case was pending in the District Court, however, an affidavit was filed in support of the Secretary's motion for summary judgment, and this affidavit stated that the refusal of the passport was under subsection (c) of said Section 51.135. The affidavit also contained a finding stated in the terms of that subsection.

■ In the Boudin cases we accepted, for purposes of the opinion, the affidavit filed in the District Court as a statement of the reason for the Secretary's denial of the passport; but the better practice requires that the denial itself, rather than an affidavit filed in court after litigation over the denial has arisen, should specify the regulation upon which it rests and should contain such findings as are called for by our Boudin opinion.

■ Here, as in the Boudin cases, the Secretary in denying the passport advised the applicant that the denial was on the basis of evidence which included confidential reports of investigation. In requiring reconsideration by the Secretary of the Boudin cases we said *inter alia* that we did not reach Boudin's contention that the Secretary could not rely on confidential information, but we added, and here repeat as applicable to Dayton's case:

"* * * since that question may arise at a subsequent stage, we think the Secretary should—if he refuses a passport * * * after the fur-

ther consideration we have ordered —state whether his findings are based on the evidence openly produced, or (in whole or in material part) on secret information not disclosed to the applicant. If the latter, the Secretary should explain with such particularity as in his judgment the circumstances permit the nature of the reasons why such information may not be disclosed.[4] Cf. Dulles v. Nathan, 1955, 96 U.S. App.D.C. 190, 225 F.2d 29. This will facilitate the task of the courts in dealing with the question of the propriety of the Secretary's use of confidential information—a question which, we repeat, we do not now reach."

For the reasons above given, and more fully explained in the Boudin opinion, the judgment herein is reversed and the case is remanded to the District Court for further proceedings not inconsistent with this opinion.

It is so ordered.

"4. If considerations of internal security rather than of the conduct of foreign affairs are involved, we think the Secretary should so state."