248 F.2d 602
 Donald Ogden STEWART, Appellant,
v.
John Foster DULLES, Individually and as Secretary of State, Appellee (two cases).
John Foster DULLES, Secretary of State, Appellant,
v.
Donald Ogden STEWART. Appellee.
 No. 13533.
 No. 13622.
 No. 13638.
 United States Court of Appeals District of Columbia Circuit.
 Argued January 29, 1957.
 Decided July 3, 1957.
 Petition for Rehearing Denied September 24, 1957.
 
 Mr. Leonard B. Boudin, New York City, and Mr. Harry I. Rand, Washington, D. C., appeared for appellant in Nos. 13533 and 13638 and appellee in No. 13622.
 Mr. B. Jenkins Middleton, Atty., Dept. of Justice, with whom Asst. Atty. Gen. George Cochran Doub, Mr. Oliver Gasch, U. S. Atty., and Mr. Paul A. Sweeney, Atty., Dept. of Justice, were on the brief, for appellee in Nos. 13533 and 13638 and appellant in No. 13622. Mr. Lewis Carroll, Asst. U. S. Atty., also entered an appearance for appellee in No. 13533.
 Before EDGERTON, Chief Judge, and PRETTYMAN, WILBUR K. MILLER, BAZELON, FAHY, WASHINGTON, DANAHER, BASTIAN and BURGER, Circuit Judges, sitting en banc.
 PER CURIAM.
 
 
 1
 Appellant Donald Ogden Stewart is a professional author, playwright, and screen writer, a native-born American citizen, resident since 1950 in London, England. He has had American passports from time to time during his life. He was issued a passport on May 15, 1951. That passport would normally have been valid for two years. In June of 1952 the Embassy was instructed to withdraw that passport and to furnish him one valid only for direct return to the United States. In February, 1955, he applied for a new passport. Pursuant to instructions from the Passport Office Stewart was informed the Department had information indicating connections on his part with Communist activities. He was advised it appeared his case came within Section 51.135 of the Passport Regulations[1] and it would be necessary for him to furnish an affidavit pursuant to those regulations. Stewart responded with an affidavit, which he said was in reply to four allegations made by the Department concerning the issuance to him of a passport. Informal hearing was held in the Passport Office, attended by Stewart's attorney, and at that hearing other alleged connections on Stewart's part with Communist activities were called to the attention of his attorney. A few days thereafter Stewart submitted another passport application through the American Embassy in London, which was followed by an additional statement, also under oath, describing his activities and asserting that they had contributed substantially to a better understanding of the United States in England and to enhancement of the good relations between the people of the United States and those of England. He called attention to the affidavit which he had theretofore filed and said: "I refer the Department to that affidavit and reaffirm that I have at no time, while residing in England, engaged in any political activity or in any activity whatsoever that could conceivably damage the interests of the United States." The Passport Office advised Stewart that no further consideration would be given his request until he submitted "the requisite affidavit with respect to present or past membership in the Communist Party." Thereupon Stewart filed a third affidavit, which read as follows:
 
 
 2
 "1. I am not a member of the Communist Party or the Communist Political Association; nor have I recently terminated membership in the said organizations; nor have I been a member of the said organizations at any time during the past fifteen years.
 
 
 3
 "2. I am not engaged in activities which, so far as I know, or have reason to believe, support the Communist movement.
 
 
 4
 "3. I am not residing or remaining abroad for the purpose of engaging in activities which, so far as I know or have reason to believe, will advance the Communist movement.
 
 
 5
 "4. I am not engaged in activities abroad nor will I engage in activities abroad which, so far as I know or have reason to believe, have violated or will violate the laws of the United States or which have been or will be prejudicial to the orderly conduct of the foreign relations of the United States; or which otherwise have been or will be prejudicial to the interests of the United States."
 
 
 6
 The State Department held this affidavit failed to meet the requirement of the regulation which laid down a prerequisite to a hearing and final decision. It declined to give Stewart's application further consideration.
 
 
 7
 Section 51.135 of the Passport Regulations reads as follows:
 
 
 8
 "Limitations on issuance of passports to persons supporting Communist movement. In order to promote the national interest by assuring that persons who support the world Communist movement of which the Communist Party is an integral unit may not, through use of United States passports, further the purposes of that movement, no passport, except one limited for direct and immediate return to the United States, shall be issued to:
 
 
 9
 "(a) Persons who are members of the Communist Party or who have recently terminated such membership under such circumstances as to warrant the conclusion — not otherwise rebutted by the evidence — that they continue to act in furtherance of the interests and under the discipline of the Communist Party;
 
 
 10
 "(b) Persons, regardless of the formal state of their affiliation with the Communist Party, who engage in activities which support the Communist movement under such circumstances as to warrant the conclusion — not otherwise rebutted by the evidence — that they have engaged in such activities as a result of direction, domination, or control exercised over them by the Communist movement;
 
 
 11
 "(c) Persons, regardless of the formal state of their affiliation with the Communist Party, as to whom there is reason to believe, on the balance of all the evidence, that they are going abroad to engage in activities which will advance the Communist movement for the purpose, knowingly and wilfully of advancing that movement."
 
 
 12
 Section 51.142 of the Regulations[2] reads as follows:
 
 
 13
 "Oath or affirmation by applicant as to membership in Communist Party. At any stage of the proceedings in the Passport Division or before the Board, if it is deemed necessary, the applicant may be required, as a part of his application, to subscribe, under oath or affirmation to a statement with respect to present or past membership in the Communist Party. If applicant states that he is a Communist, refusal of a passport in his case will be without further proceedings."
 
 
 14
 In the case now here upon cross appeals as Nos. 13622 and 13638, the District Court ordered that the proceedings be remanded to the Secretary for consideration and determination of the merits of the application for the passport, in accordance with Boudin v. Dulles.[3] A majority of this court, composed of Judges Prettyman, Bazelon, Fahy, Washington and Burger vote to affirm that order (except paragraph 5 thereof, as will hereinafter appear). Judges Wilbur K. Miller, Danaher and Bastian dissent. Chief Judge Edgerton and Judge Bazelon are of opinion, as stated by them in Briehl v. Dulles,[4] that the regulations of the Secretary are invalid; but, accepting for purposes of this case the ruling in Briehl that the regulations are valid, they are of opinion that the regulations were complied with by Stewart. Judge Bazelon therefore votes to affirm the order of the District Court. Chief Judge Edgerton is of opinion the Secretary should be directed to issue a passport. Judge Prettyman is of opinion that the regulations are valid and that Stewart complied with the peremptory affidavit requirement of the regulation (Sec. 51.142). He therefore votes to affirm, filing an explanatory opinion. Judge Fahy votes to affirm upon the ground that to require more than appellant stated in his affidavit would constitute an invalid application of Section 51.142 of the Regulations. Judge Washington votes to affirm for reasons stated in his separate concurring opinion, in which Judge Burger joins. Judges Wilbur K. Miller, Danaher and Bastian are of opinion that the regulations are valid, as held in the opinion of Judge Prettyman in Briehl, but they are of further opinion that the affidavit requirement was not complied with by Stewart. They therefore dissent.
 
 
 15
 Paragraph 5 of the order of the District Court above mentioned, involved in Nos. 13622 and 13638, was:
 
 
 16
 "Nothing in this order shall preclude the Department of State from taking into consideration, among other factors, plaintiff's failure to subscribe, under oath or affirmation, to a statement with respect to past membership in the Communist Party, as deemed necessary by the Department."
 
 
 17
 That paragraph would seem to authorize the Department to take into consideration to any extent it deems necessary Stewart's failure to subscribe to the sort of statement which the Department has been urging. Such an authorization would be at variance with the prescriptions in Boudin v. Dulles. Therefore, in voting to affirm the order of the District Court, the court does not affirm paragraph 5. At the same time a majority of the court think it would be permissible for the Department to take into consideration the statement made by Stewart, that he has not been a member of the Communist Party or the Communist Political Association "at any time during the past fifteen years" and to draw such inferences as are proper to be drawn from such a limited negative statement.
 
 
 18
 Without affirming all the findings of fact or conclusions of law, we affirm the order of the District Court appealed from in No. 13533, which denied Stewart's motion for a preliminary injunction. Chief Judge Edgerton and Judge Bazelon would reverse the order denying a preliminary injunction.
 
 
 19
 Affirmed.
 
 
 
 Notes:
 
 
 [1]
 17 Fed.Reg. 8013 (1952), 22 C.F.R. § 51.135 (Supp.1955)
 
 
 [2]
 17 Fed.Reg. 8014 (1952), 22 C.F.R. § 51.142 (Supp.1955)
 
 
 [3]
 D.C.Cir., 1956, 98 U.S.App.D.C. 305, 235 F.2d 532
 
 
 [4]
 1957, 101 U.S.App.D.C. ___, 248 F.2d 561
 
 
 
 20
 PRETTYMAN, Circuit Judge (concurring).
 
 
 21
 I desire to explain my reasons for concluding that Stewart complied with the peremptory requirement for an affidavit. The question is whether Stewart's last affidavit, quoted in full in the foregoing opinion, so far met the requirement of the regulation as to entitle him to a hearing and a decision upon his application. The question is not whether the affidavit was true, or whether the Secretary is bound to accept the affidavit as a recitation of facts, or whether additional information may not become pertinent to issues properly posed in the course of the hearing proceeding. The question is whether the affidavit is sufficient under the regulation as a procedural prerequisite so that as a procedural matter Stewart was entitled to a hearing and a decision.
 
 
 22
 Section 51.142 is the procedural requirement. It is the section which provides for the filing of an affidavit. It provides one peremptory result from such a filing. Its last sentence is: "If applicant states that he is a Communist, refusal of a passport in his case will be without further proceedings." So if he files an affidavit and in it says he "is" — "is", present tense, — the proceedings halt and the passport is forthwith refused. But the regulations provide for no such peremptory disposition if the affiant says he was in the past a Communist. And this is quite noteworthy, because in the next preceding sentence this procedural regulation (Sec. 51.142) provides that at any stage of the proceeding an applicant may be required to file a statement with respect to "present or past" membership in the Party. So the regulations in two consecutive sentences say that a statement as to past or present. membership may be required and, if the applicant says he is presently a Communist, the passport is to be forthwith refused without further ado. What happens if he says he was in the past a Communist but is not now one?
 
 
 23
 I think that, if an applicant says he is not now a Communist but was one in the past, the Secretary must determine whether he (the applicant) comes within one of the proscriptions of Section 51.135. This is the substantive section. It recites the conditions under which a passport will be denied. Like Section 51.142 it says passports will be denied persons who "are" — "are", present tense, — members of the Communist Party. In a case of present membership the proscription is unqualified and peremptory. But as to all other circumstances this regulation obviously contemplates evidentiary conclusions by the Department. In it appear expressions such as "under such circumstances", "not otherwise rebutted by the evidence", "on the balance of all the evidence", etc. So the regulations plainly provide, to my mind, that if an applicant says he is presently a Communist he is to be forthwith denied a passport but, if he says he was a Communist in the past, findings must be made as to the circumstances, etc., on the whole of the evidence, etc., as the regulation specifies.
 
 
 24
 I interpolate that at the moment I am not concerned with what happens when an applicant refuses to file an affidavit. That was the problem in Briehl. Our present appellant, Stewart, filed an affidavit. In it he said certain things. Our problem is to discover the procedural results, under the regulations, of what he said.
 
 
 25
 Stewart certainly did not say he was then presently a Communist. So under the regulations he was not to be summarily denied his passport. He did say he had not been a Communist for fifteen years. If he had said flatly he had been a Communist more than fifteen years ago, he would not have been summarily denied his passport. He would have been entitled to findings on the circumstances, etc. I think he was entitled to that much upon the basis of what he did say — that is, the denial of membership for fifteen years last past. And that is so even if his statement is construed as a negative pregnant. His statement is to be treated, as I read the regulation, as evidentiary, as a piece of evidence for the purposes of Section 51.135. It does not justify a summary halt to the proceeding or a forthwith denial of the passport.
 
 
 26
 But it is argued to us that his failure to deny all-time past membership was equivalent to a refusal to file at all. And so, it may be argued, his situation falls within the doctrine of Briehl, which is that refusal to file justifies refusal to proceed. I think Stewart did not refuse to file and moreover what he did file was in substantial compliance with the meaning, purpose and content of the regulation.
 
 
 27
 The only past which is pertinent to a determination under the substantive regulation (Sec. 51.135) is the immediate past. The thrust of that regulation is to the present. Paragraphs (b) and (c) are cast in the present tense. Paragraph (a) is directed to present membership and to membership "recently terminated". The whole meaning of the regulation is that passports will not be issued to persons who are now or recently have been engaged in Communist activities. It makes no pretense of forbidding passports to persons who have no present or recent Communist interests but who may have had some in the dim, distant past. Indeed I doubt the legal validity of a regulation which would peremptorily deny a passport to any person who ever at any time has had any Communist connections. This is not to say that the Secretary may not in the course of determining an applicant's possible present interests inquire into the nature and extent of his past connections and activities. But in that situation the ultimate finding would have to be a reasonable inference from the facts. That is not the question now before us. Our question is whether the regulation requires a flat denial of Communist Party membership at any time, unlimited past as well as recent past, as a prerequisite to a hearing and final decision on an application. The distant past may have some relevance to the questions to be determined here concerning the present and immediate past, but, whatever the distant past may have been, failure to reveal it alone is not sufficient to justify the Secretary's refusal to proceed.[1]
 
 
 28
 If the immediate past is the only pertinent past under the substantive regulation (Sec. 51.135), an affidavit denying membership in the immediate past must be held to satisfy the requirement of the procedural regulation (Sec. 51.142) for an affidavit with respect to "past" membership. Fifteen years is a sufficient period to cover the immediate past. Therefore when Stewart made an affidavit covering fifteen years he complied with the procedural regulation. He is not to be treated as though he had refused to file.
 
 
 29
 Since Stewart did not say he was then presently a Communist, he is not, under the regulation, to be summarily denied a passport. His affidavit denying membership in the immediate past was a compliance with the procedural regulation; it was not a refusal to file. That affidavit must, under the regulation, be treated as an evidentiary affidavit, pertinent to the requirements of Section 51.135. He was entitled to a hearing and a determination under that section. I therefore voted to remand for that purpose.
 
 
 
 Notes:
 
 
 [1]
 See Schware v. Board of Bar Examiners, 1957, 353 U.S. 232, 243 et seq., 77 S.Ct. 752, 1 L.Ed.2d 796; Konigsberg v. State Bar, 1957, 353 U.S. 252, 271, 77 S.Ct. 722, 1 L.Ed.2d 810
 
 
 
 30
 WASHINGTON, Circuit Judge, with whom BURGER, Circuit Judge, joins (concurring).
 
 
 31
 This court held in Briehl [101 U.S.App. D. C. ___, 248 F.2d 561], that the State Department is entitled to require an affidavit from a passport applicant "with respect to present or past membership in the Communist Party." The State Department's interpretation of the regulation is evidently that the affidavit must fully disclose all connections with the Communist Party, no matter how remote in time. We need not decide whether a regulation clearly phrased in those terms would be valid and effective. It might well be subject to challenge as being unnecessarily sweeping in its requirements, and beyond the reasonable demands of the situation. The existing regulation makes no such explicit requirement, and I do not think we are bound to construe it as if it did, even after giving very considerable weight to the agency's own interpretation. Cf. Unemployment Compensation Commission of Territory of Alaska v. Aragan, 1946, 329 U.S. 143, 154, 67 S.Ct. 245, 91 L.Ed. 136. This is an exceptional sort of case. The right to travel is involved — an important personal right. And the affidavit here required is merely the condition precedent to the holding of a hearing. I conclude that an affidavit of the sort Mr. Stewart filed should be held sufficient under Briehl for the purely procedural step of holding a hearing, at which the relevant facts can be brought out. A considered decision can then be made giving such weight to the affidavit (including its omissions as well as its positive statements) as may be reasonable under all the circumstances.